REQUESTED BY: Senator Chris Beutler
You have asked whether the Nebraska Pardons Board can commute a death sentence to a sentence of life without parole. We conclude that the Nebraska Pardons Board has the absolute power of pardon under the Nebraska Constitution and that the Board may commute a sentence to any lesser sentence or may issue a complete pardon to the offender.
Article IV, § 13 of the Nebraska Constitution provides in part:
 "The Governor, Attorney General and Secretary of State, sitting as a Board, shall have power to remit fines and forfeitures and to grant respites, reprieves, pardons, or commutations in all cases of conviction for offenses against the law of this State except cases of treason and cases of impeachment.
The Nebraska Supreme Court has held that the Pardons Board has "unfettered discretion" to grant or deny an application for clemency. Otey v. State, 240 Neb. 813, 828-30 (1992).
Just as the power of pardon is vested absolutely in the President under the United States Constitution, the power is vested absolutely in the Board of Pardons under the Nebraska Constitution. The Laura, 114 U.S. 411, 414 (1884);Schick v. Reed, 419 U.S. 256, 266 (1974).
Because the power of pardon is vested absolutely in the Nebraska Pardons Board under the Nebraska Constitution, the Pardons Board may commute any sentence to a lesser sentence, including the commutation of a death sentence to a sentence of life without parole. One Pardons Board does not have the power to bind another future Pardons Board, however. So, if one Pardons Board granted a commutation of a death sentence to a sentence of life without parole, future Pardons Boards would not be precluded from commuting the sentence of life without parole to a sentence of a term of years. See, e.g.,State ex rel. Stenberg v. Moore, 249 Neb. 589, 595
(1996).
As you consider "possible legislation in this area", you may wish to bear in mind that where a state constitution fixes the power to pardon, that power is not subject to legislative control except as provided by the constitution itself. TheLaura, 114 U.S. at 414; Schick, 419 U.S. at 266; and Pardon and Parole, 59 Am. Jur. 2d § 31 (1987).
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED:
Don Stenberg
Attorney General